911 F.2d 733
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isaiah SEIDNER, Plaintiff-Appellant,
v.
James DELAIR, Local 659 UAW, Defendants-Appellees.
 No. 89-2153.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1990.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and JARVIS, District Judge.*
 
 ORDER
 
 2
 Isaiah Seidner, a pro se Michigan resident, appeals the district court's dismissal of his civil complaint filed under Michigan state law. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Seidner filed a complaint in the Genessee County, Michigan Circuit Court against his labor union and his union representative essentially complaining that they breached their duty of fair representation by not filing grievances on his behalf against his employer. Seidner also claimed that defendants violated Title VII, 42 U.S.C. Sec. 2000(e) et seq., and 42 U.S.C. Sec. 1981. Specifically, Seidner alleged that: (1) defendant Delair did not file grievances with the union on his behalf regarding the denial of overtime; (2) the union subjected him to religious discrimination when they refused to submit his grievance because he refused to work on Sundays; (3) the union subjected him to martial discrimination; (4) Delair allowed him to be assaulted by management on four separate occasions; (5) Delair would not file a grievance on his behalf protesting his involuntary placement on sick leave; and (6) defendants breached their duty of fair representation. Defendant Delair removed the case to federal court pursuant to 28 U.S.C. Sec. 1441. The union was later added as a defendant.
 
 
 4
 Ultimately, the defendants filed a motion for summary judgment and Seidner filed a response. The district court held a hearing on the motion and issued its findings from the bench. The court found that: (1) Seidner's state law claims were preempted by Sec. 301 of the Labor Relations Management Act; (2) Seidner failed to exhaust contractual and internal union appeals prior to bringing suit; (3) the Title VII claim was barred because Seidner did not first exhaust his administrative remedies; (4) three of the assault claims were barred by the applicable statute of limitations, and the fourth assault claim was dismissed because there was no allegation that defendants participated in or were even present during the assault; and (5) there was no factual basis for the Sec. 1981 claim. The court declined to rule on the fair representation claim, and instead gave Seidner ten additional days to file a supplemental pleading setting forth the factual basis for the claim. After receiving the supplemental pleading, the court dismissed the fair representation claim, finding that Seidner had not cited one instance where a valid grievance was resolved in an arbitrary or discriminatory matter. The court later denied reconsideration of the orders.
 
 
 5
 Upon review, we hereby affirm the district court's judgment for the reasons stated by the court from the bench on June 26, 1989, and for the reasons stated in the court's order dated July 13, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, U.S. District Judge for the Eastern District of Tennessee, sitting by designation